## MORANDY v. UNITED STATES.
### No. 11730.

United States Court of Appeals
Ninth Circuit.
Oct. 11, 1948.

Rehearing Denied Nov. 5, 1948.
As Amended Nov. 15, 1948.

Morris Lavine, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., and Ernest Tolin and E. J. Zack, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before MATHEWS and HEALY, Circuit Judges and BLACK, District Judge.

HEALY, Circuit Judge.

Appellant was convicted of a violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. §§ 2311–2313. The charge was that he transported a stolen vehicle, namely, a 1942 Mercury convertible coupe, Motor No. 99A-506084, from Whiting, Indiana to Santa Barbara County, California, with knowledge that it had been stolen.

There was evidence that on April 6, 1946, at Oxnard, California, appellant was in possession of a green car answering in all respects the description contained in the indictment. Shortly thereafter he abandoned it on a street in Santa Maria. He was at the time traveling under an assumed name or names. It was shown that on February 5, 1946, a Mrs. Bloemen was the owner of a 1942 green Mercury convertible club coupe at Lowell, Indiana, where she lived. She testified that the motor number of the vehicle was 506084. On that date her husband drove the car to Whiting, Indiana, and parked it on the street. When he returned for it later in the day it was gone. He had not given anyone permission to remove it and has not seen it since. Mrs. Bloemen had given permission to no one other than her husband to take the car. When the automobile abandoned by appellant was picked up by the California authorities it bore a 1946 Minnesota license plate. Under the floor mat were found Iowa and Michigan license plates for that year.

Appellant claims that the stolen motor vehicle was not identified as the car described in the indictment and shown to

have been in his possession. The insufficiency of the identification is said to reside in the absence of the prefix "99A" in the motor number as testified to by the owner. There was clearly enough evidence of identity to go to the jury, and it was for them to decide whether identification was established.

Appellant made a demand for a bill of particulars and the court denied it. No error in this respect was committed. For the most part the demand called for the disclosure of information concerning matters having no materiality. For the rest, the indictment contained the information desired.

There is a third point of some interest. On the strength mainly of Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350, it is contended that there was no proof that appellant transported the car in interstate commerce. Obviously somebody transported it in interstate commerce. As seen, it had recently been stolen in Indiana; and appellant did not take the stand or in any way attempt to explain his possession of it in California. The courts have long thought that possession in such circumstances warrants the inference that the possessor was the thief.[1] This judicially sanctioned inference, we may add, has its genesis in human experience, that is to say, it is not a rule conveniently concocted by judges to fill gaps in the proof. Compare Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519. Since the jury were at liberty to infer that appellant stole the car, they were necessarily warranted in concluding that he transported it, knowing it to be stolen, to the place where it was found in his possession.

In Bollenbach v. United States, supra, securities stolen in Minneapolis were later disposed of by the petitioner and others in New York. The Court condemned as error an instruction which advised the jury that "possession of stolen property in another State than that in which it was stolen shortly after the theft raises a presumption that the possessor was the thief and transported [the] stolen property in interstate commerce, but that such presumption is subject to explanation and must be considered with all the testimony in the case." The ground of the holding is not made clear, but it seems probable that what was thought error in the charge was the use of the word "presumption." At any rate, until the Court clarifies its decision we shall assume that it did not intend to ban the inferences of fact naturally drawable from the unexplained possession of recently stolen property.[2]

In the present instance the court was careful to instruct the jury that the burden of proving transportation was on the government, and that the possession of property stolen in another state raises no presumption that the possessor transported it in interstate commerce. "However," the court added, "the law is that the possession of the fruits of a crime recently after its commission,—namely, here, the automobile, in the absence of an explanation justifying the possession, warrants an inference pointing towards guilt. The inference fades as time elapses." We think the instruction correctly stated the law.

Affirmed.

---

[1] See authorities cited in the dissenting opinion of Justice Black in the Bollenbach case, 326 U.S. 607, 616, 66 S.Ct. 402, 90 L.Ed. 350.

[2] We regard the case of Booth v. United States, 154 F.2d 73, decided by this court, as being distinguishable.