**James Howard JONES, aka Richard Burdon, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 20231.

United States Court of Appeals Ninth Circuit.

May 26, 1967.

James Howard Jones, in pro. per., Bertram M. Berns, San Jose, Cal., for appellant.

Cecil F. Poole, U. S. Atty., William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

James Howard Jones appeals from a judgment, based on a jury verdict, convicting him of the offense of transporting a stolen motor vehicle in interstate commerce in violation of the Dyer Act, 18 U.S.C. § 2312 (1964).

The jury could have found that while Jones was in Louisville, Kentucky, one Jimmy Namchek, also in Louisville, stole a passenger automobile, and that Jones, knowing that the vehicle had been stolen, drove with Namchek to California in the

automobile, where California license plates were attached to it.

Appellant argues that the trial court incorrectly instructed the jury that only two essential elements are required to be proved to establish a violation of the Dyer Act, whereas there are four essential elements.

■ Section 2312 is quoted in the margin.[1] Only three elements are expressly stated in this statute, namely: (1) that the automobile or aircraft had been stolen; (2) that the accused transported it in interstate commerce; and (3) that he knew it had been stolen at the time of such transportation. But inherent in these elements is a fourth element that the accused must have had the intent to permanently or temporarily deprive the owner of the rights and benefits of ownership. See United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; Berard v. United States, 9 Cir., 309 F.2d 260, 261.

Appellant concedes that the trial court actually combined all four elements in its two-element formulation of the offense, but asserts that in so combining the elements, the jury may have been led to confuse the element of knowledge with the element of criminal intent.

■■ No objection to the instruction was made in the trial court. The asserted error therefore may not be noticed here unless the giving of the instruction constituted plain error affecting substantial rights. Rules 30 and 52(b), Federal Rules of Criminal Procedure; Singer v. United States, 380 U.S. 24, 38, 85 S.Ct. 783, 13 L.Ed.2d 630; Johnson v. United States, 9 Cir., 361 F.2d 447, 448. The giving of the instruction in question, considered in the light of other instructions bearing upon the matter, did not constitute plain error.

Appellant also argues that the trial court erred in instructing the jury concerning the inferences which could be drawn from certain facts.

The court instructed that possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen. The court also instructed that possession in one state of property recently stolen in another state, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession not only knew it to be stolen property, but also transported it, or caused it to be transported, in interstate commerce.

Appellant likens this instruction to the instruction which was disapproved in Bollenbach v. United States, 326 U.S. 607, 609, 66 S.Ct. 402, 90 L.Ed. 350. The trial court there charged the jury that possession of stolen property in another state than that in which it was stolen shortly after the theft raises a "presumption" that the possessor was the thief and transported stolen property in interstate commerce, but that such "presumption" is subject to explanation and must be considered with all the testimony in the case.

■ Again no objection was made to the giving of this instruction, nor was the giving of the instruction plain error.[2] In any event, the instruction was correct. See Corey v. United States, 9 Cir., 305 F.2d 232, 238, n. 13; Morandy v. United States, 9 Cir., 170 F.2d 5, 6.

Affirmed.

1. Section 2312 reads as follows: "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. There was testimony that Jones had admitted that he had driven across the country in the vehicle, knowing that it had been stolen. No evidence was offered in behalf of Jones. The trial court carefully and correctly instructed the jury as to the difference between an inference and a presumption.