Howard Dwayne SPRADLIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21856.

United States Court of Appeals Ninth Circuit.

April 1, 1968.

As Corrected on Denial of Rehearing June 5, 1968.

Atty., Joseph L. Ward, U. S. Atty., Las Vegas, Nev., for appellee.

Before POPE, MERRILL and CARTER, Circuit Judges.

MERRILL, Circuit Judge:

Appellant stands convicted of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312, and appeals from judgment.

Appellant attacks the sufficiency of the proof. We find it sufficient. The evidence establishes that the owner of a 1960 Oldsmobile had it delivered to Morris Motors Company of Flagstaff, Arizona; that no one other than Morris Motors had any authorization to use the vehicle; that on the day following delivery it was placed on the company's lot; that within two weeks the vehicle was discovered to be missing from the lot; that the manager of the company had not given anyone permission to take the vehicle. Appellant was in Flagstaff, Arizona, during the time that the vehicle was apparently taken. Within two weeks of the delivery of the car to Morris Motors the appellant was arrested while operating the vehicle in Las Vegas, Nevada.

The foregoing evidence was sufficient to permit the trial jury to find that the automobile in question was a stolen vehicle. This being so the jury was entitled to draw the inference and find in the light of all the circumstances in the case that appellant, possessing the vehicle in the State of Nevada, not only knew it to be stolen property but also transported it or caused its transportation in interstate commerce from Arizona. Jones v. United States, 378 F.2d 340 (9th Cir. 1967); Morandy v. United States, 170 F.2d 5 (9th Cir. 1948), cert. denied, 336 U.S. 938, 69 S.Ct. 741, 93 L.Ed. 1097 (1949).

Appellant objects, however, to the court's instruction that "the proof need not show who may have stolen the motor vehicle." He notes that in *Morandy*, supra, we justified the inference of knowing transportation as a corollary

Lesly Sweet (argued), Oakland, Cal., Annette R. Quintana, Las Vegas, Nev., for appellant.

Robert S. Linnell (argued), Asst. U. S. Atty., Michael DeFeo, Sp. Asst. to U. S.

of the inference of theft permitted in larceny cases from unexplained possession of recently stolen goods. In Travers v. United States, 118 U.S.App.D.C. 276, 335 F.2d 698 (1964), this was read to mean that the former inference must in all cases rest upon the latter. We disagree. The inference of knowing transportation in interstate commerce from unexplained possession of an automobile recently stolen in another state may be a separate, distinct inference, merely analogous to the inference of theft that can be made in similar circumstances. The jury in the instant case would have been justified from the evidence in inferring that appellant, even though he may not have stolen the car, was the one who transported the vehicle or caused it to be transported to Nevada, taking into consideration his presence in Flagstaff during the period when the automobile was apparently taken, his departure soon afterwards, and his discovery with the car in Nevada. It was not necessary that the jury have been instructed that they must first find that appellant stole the vehicle before they could infer that he was a party to its transportation.

Appellant assigns as error the giving of certain instructions on intent and standard of proof, as well as the wording of other instructions. We find neither error nor prejudice. It is clear from the record that the jury was repeatedly admonished as to the need to find all elements of the charged offense established by the evidence beyond a reasonable doubt.

■ Appellant assigns as error the refusal of the District Court, at the time of sentencing, to grant him the opportunity personally to examine the presentence report of the probation officer in order that he *might* confer with his counsel respecting it. He asserts that this amounted to depriving him of his right to counsel at the time of sentencing.

The court did permit counsel to examine the report. Appellant has made no allegation that anything contained in the report was erroneous. We find in these circumstances neither a deprivation of appellant's constitutional right to counsel nor an abuse of the trial court's discretion.

Affirmed.