Don R. **JIRON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 22389.

United States Court of Appeals
Ninth Circuit.

Feb. 25, 1969.

Earl Monsey, Las Vegas, Nev., for appellant.

Joseph L. Ward, U. S. Atty., Roy L. Nelson, II, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and * SMITH, District Judge.

PER CURIAM:

Appellant, convicted by a jury of the knowing interstate transportation of a stolen motor vehicle (18 U.S.C. § 2312), raises but one claimed error on this appeal. It is that the trial court refused to give an instruction to the jury that: "the burden of proving transportation was on the government," and that: "the possession of property stolen in another state raises no *presumption* that the possessor transported it in interstate commerce." (Emphasis added.) The court did, however, several times instruct the jury (A) that "the burden is always on the prosecution to prove beyond a reasonable doubt every essential element of the crime," (R.T. 74; 81; 84), (B) that "there are two essential elements" of the crime charged against appellant, "First, the act of transporting in interstate commerce a stolen motor vehicle * *; second, doing such an act wilfully and with knowledge that the motor vehicle had been stolen" (R.T. 81); (C) "that possession of property that has been recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the *inference*, and find, in the light of the circumstances shown by the evidence, that the person in possession knew the property had been stolen," and "transported it or caused it to be transported in interstate commerce" (R.T. 81–82.) (Emphasis added.); [1] (D) that the jury could rely on or reject such inference (R.T. 83); (E) the usual instructions as to inferences and presumptions, defining each term. The trial judge refused to give the instruction requested, stating as his reason: "I think it is unnecessary, and I think it confusing" (R.T. 89).

Our review of the voluminous and careful instructions given the jury leads us to agree with the trial judge, and we find no error.

The fact that a different instruction, using both the words *presumption* and *inference* (rejecting the first and approving the second) was held by this court not to be error in Morandy v. United States, 170 F.2d 5 (9th Cir. 1948), does not mean that such instruction must be used or given in every or any other case charging the same crime. That case is the only case cited by appellant, and is readily distinguishable.

We affirm.

---

* Hon. Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

1. This is Mathes and Devitts' Instruction § 10.10; p. 131, Federal Jury Practice and Instruction.