Sanford Svetcov (argued), Deputy Atty. Gen., Evelle J. Younger, Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and GOODWIN, District Judge.*

PER CURIAM:

Thomas W. Carlson, a California state prisoner, applied for a writ of habeas corpus, presenting several grounds for relief. After an evidentiary hearing, the district court granted the writ. San Quentin Warden Louis S. Nelson appeals.

The district court granted the writ on the ground that the action of petitioner's trial counsel in also representing two co-defendants, at a time a plea bargain was arranged for all three defendants, involved a *conflict of interest and a possibility of prejudice to petitioner in pleading guilty* "such as to require relief under the principles announced in Lollar v. United States [126 U.S.App.D.C. 200], 376 F.2d 243 (D.C.Cir. 1967)."

The district court went on to say:

" * * * the Court does find that there is more than enough before it to lead to an 'informed speculation' that petitioner was prejudiced by his being represented by the same counsel"

as were his co-defendants, again citing *Lollar*.

 The test thus applied is stated in *Lollar*, 376 F.2d at 247, as follows:

" * * * only where ' "we can find no basis in the record for an informed speculation" that appellant's rights were prejudicially affected (by joint representation of co-defendants),' can the conviction stand."

This test does not apply in the Ninth Circuit. In this circuit counsel may rep-resent more than one defendant if the interests of the latter are not in conflict. United States v. Youpee, 419 F.2d 1340, 1345–1346 (9th Cir. 1969). This is not to be decided on the basis of speculation, but by a considered determination of whether, in fact, a conflict of interest existed. *See* Duran v. United States, 413 F.2d 596, 599–600 (9th Cir. 1969). Measured by this test, we are of the view that petitioner's interests in connection with the plea bargaining were not in conflict with those of his co-defendants.

The judgment is reversed and the cause is remanded for consideration of the other grounds for relief urged by petitioner. The motion for release pending appeal is denied.

**Mrs. F. H. EUBANKS, Plaintiff-Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.**

**No. 71–1183**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 26, 1971.

---

* The Honorable Alfred T. Goodwin, United States District Judge for the District of Oregon, sitting by designation.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409. Part I.

James D. Cunningham, John J. Watts, Watts, Cunningham & Patterson, Odessa, Tex., for plaintiff-appellant.

Elton Gilliland, Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, Tex., for defendant-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Basilio Rudas L. LEMUS, Defendant-Appellant,**

**v.**

**The GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee.**

**No. 71–1144**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 25, 1971.

Basilio Rudas L. Lemus, pro se.

Lester Engler, U. S. Atty., Wallace D. Baldwin, Asst. U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This case comes to us on an appeal from the conviction of defendant after a non-jury trial for the offense of selling cocaine in violation of Title 26, § 4705(a). We must also pass on the motion of defendant's trial counsel, the public defender, to withdraw as counsel on appeal.

The public defender has performed his function as appeal counsel in

---

1. See N. L. R. B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.