Phillip SANTORO, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71-2681.

United States Court of Appeals,
Ninth Circuit.

June 29, 1972.

Thomas M. Dawson (argued), Leavenworth, Kan., for petitioner-appellant.

Brewster Q. Morgan, Asst. U. S. Atty. (argued), Richard W. Nichols, Asst. U. S. Atty., Dwayne Keyes, U. S. Atty., Sacramento, Cal., for respondent-appellee.

Before KOELSCH, WRIGHT and TRASK, Circuit Judges.

PER CURIAM.

Petitioner Santoro was convicted for violations of 18 U.S.C. §§ 371, 2312, and 2313, arising out of the interstate transportation and sale of stolen automobiles. The conviction was affirmed in Santoro v. United States, 402 F.2d 920, cert. denied, 400 U.S. 849, 91 S.Ct. 58, 27 L.Ed. 2d 86. The present appeal is from a judgment denying his petition filed pursuant to 28 U.S.C. § 2255.

Petitioner urges three grounds for relief. First, he argues that extra-judicial statements of his co-defendants, introduced at trial, violated his right of confrontation. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). This same point was raised, fully considered and rejected in petitioner's direct appeal; we reaffirm that ruling.

Second, petitioner contends that he was denied the effective assistance of counsel because, in light of *Bruton, supra,* counsel, who was retained to represent petitioner and his three co-defendants, would have had to consider conflicting interests in determining whether to put each of the codefendants on the witness stand. "In this circuit counsel may represent more than one defendant if the interests of the latter are not in conflict. This is not to be determined on the basis of speculation, but by a considered determination of whether, in fact, a conflict of interest existed." Carlson v. Nelson, 443 F.2d 21, 22 (9th Cir. 1971) (citations omitted). Petitioner and his codefendants all presented the same defense, and their testimony and statements were consistent with their joint theory of defense. No conflict of interest was shown.

Finally, petitioner argues that he was denied due process when the district court sentenced him on the basis of "secret information." However, all that this record shows is that the trial court received some information in addition to the "extensive" presentence report; it does not, as petitioner contends

and as affirmatively appeared in United States v. Weston, 448 F.2d 626 (9th Cir. 1971), cert. denied 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749, show that the court "based" its sentence on improper information.

The judgment is affirmed.