**Laurence Leroy FARROW, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 73–358.**

United States District Court, S. D. California.

March 15, 1974.

Laurence Leroy Farrow, pro se.

James W. Meyers, Robert P. Risso, Asst. U. S. Attys., San Diego, Cal., for respondent.

MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255

GORDON THOMPSON, Jr., District Judge.

On August 30, 1973, petitioner filed his initial motion, pursuant to Title 28 U.S.C. § 2255, attacking the validity of the sentence imposed after his plea of guilty on December 16, 1971 for violation of 18 U.S.C. § 3150 (bail jump) and 26 U.S.C. § 4755(a)(1) (failure to pay the special tax on 119 pounds of marijuana). A review of the history of this case discloses that on January 24, 1972, the petitioner appeared before this court and was sentenced to five years, subject to the parole provisions of 18 U.S.C. § 4208(a)(2) on the tax count, and to three years consecutive, also with the "A" number parole provision, on the bail jump.

Petitioner's initial motion filed August 30, 1973 incorporates by reference a memorandum of law prepared by his attorney. That memorandum raises a number of issues, all related to the original presentence report submitted to this court. The return was ordered on August 31, 1973, instructing the government to file its moving papers and a transcript on or before October 1, 1973. Due to compelling circumstances, including the death of the Assistant United States Attorney to whom the case had been assigned, extensions of time were permitted with the return eventually being filed on January 17, 1974. During this intervening period, petitioner filed a second § 2255 motion on November 15, 1973. The August and November filings are substantially identical with the one key exception of the deletion of a footnote from the attached memorandums of law. This footnote, which is discussed in more detail below, relates to the prior convictions which the petitioner now chooses to attack. The government's return is based upon the August filing, and as such, substantially limits itself to the issues raised in the now deleted footnote. The government has therefore submitted a supplemental filing illustrating the disparity between the papers before the court. On January 31, 1974, the petitioner filed his traverse to the government's return. In that pleading, petitioner raises a number of new issues. In lieu of requiring the government to respond to these new

contentions or forcing the petitioner to summarize his actual points at issue, the court has simply considered all points raised, resolving any inconsistencies in favor of the last document filed.

In the three above described documents petitioner alleges the following grounds as the basis for the instant motion:

1. That convictions obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), were considered by the trial court at the time of sentencing.

2. That the presentence report contained unsubstantiated hearsay which was used to suggest greater involvement in the crime charged.

3. That the cooperation of the defendant with law enforcement agencies was not presented to the court.

4. That, although his counsel had access to the presentence report, petitioner was denied the right to examine it prior to sentencing.

5. That the delay by the government in filing a return should render that document void.

6. That he was denied effective assistance of counsel.

7. That he was deprived of the right to speak out in his own behalf at the time of sentencing.

The court has carefully reviewed both petitions, the return filed in response thereto, the traverse, and the record of the sentencing proceeding. The finding of the court is as follows:

Farrow's first contention is that felony convictions obtained without the assistance of counsel were considered by the court at the time of sentencing and led to the imposition of a more severe punishment. The presentence report prepared by the Probation Department disclosed that the petitioner had a significant adult criminal record. It re-vealed that Farrow's convictions were as follows:

| Date | Offense | State | Sentence |
|------|---------|-------|----------|
| (1) 12–12–49 | Forgery—First Degree | Washington | 30 days, 2 yrs. probation |
| (2) 3–23–50 | Forgery, grand theft auto, escape | California | 1–14 yrs in prison |
| (3) 12–20–52 | 2 counts burglary, forgery | California | 1–15 yrs in prison |
| (4) 11–9–56 | Burglary | California | 6 months to 15 yrs in prison |
| (5) 10–1–59 | Burglary | California | 6 months to 15 yrs in prison |
| (6) 5–26–64 | Robbery, 2nd degree | California | 1 year to life |

Additionally, the report, in considerable detail, provided information concerning the offenses to which petitioner entered his plea of guilty and gave a history of his personal traits and background. It concluded that the petitioner, ". . . appears as the leader or partner of a large narcotics operation in the San Diego area . . .".

The memorandum of law attached to petitioner's first filing contains a footnote which challenges two prior convictions as being obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). These convictions were obtained in April of 1950 and in July of 1950. A reexamination of the prior convictions that were detailed in the presentence report reveals that neither of these convictions were considered by the court at the time of sentence since both had evidently been deleted on some earlier occasion. Were these the only convictions at issue the petitioner would clearly not be entitled to any relief. However, in subsequent filings petitioner has chosen to attack the first four convictions detailed in the presentence report. This places the court in a position where it must reexamine all of the contested prior convictions and determine whether the petitioner was prejudiced by their inclusion in the presentence report.

In United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1971) [hereinafter cited as *Tucker*], the United States Supreme Court made it clear that convictions obtained in violation of Gideon v. Wainwright, *supra,* were not to be used for any purpose. In *Tucker,* the petitioner had established in collateral proceedings that prior convictions were in fact invalid. The Court held that it was error for the District Court to consider constitutionally infirm convictions to enhance punishment for another offense and remanded the case for resentencing.

Because of the widespread practice of including prior convictions in pre-sentence reports and the Supreme Court's subsequent holding of full retro-activity to Gideon v. Wainwright, *supra,* in Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963), implementation of the *Tucker* decision has created numerous procedural difficulties. When presented with a similar problem the Fifth Circuit Court of Appeal in Lipscomb v. Clark, 468 F.2d 1321 (5th Cir. 1972) [hereinafter cited as *Tucker*], offered the following judicial procedure.

On remand, we feel that the following procedures by the district court would be appropriate. First, the district court should review the records involved in this conviction and determine if, treating the state convictions alleged to have been unconstitutional as void and thus not to be considered in sentencing, the five-year maximum sentence would still be the appropriate sentence based on the records of the trial and petitioner's adjusted conviction record (which would still consist of a twenty-five year sentence on a federal counterfeiting charge). If the district court finds that the maximum sentence would still be appropriate, an order so setting forth would seem sufficient to comply with the requirements of *Tucker.* If, on the other hand, the district court finds that should these prior convictions be proven unconstitutional and void that the maximum sentence would not be appropriate, then it should grant petitioner an evidentiary hearing and allow him to present evidence on his claim that the prior convictions in question were unconstitutional due to *Gideon.* If the district court is convinced of the validity of petitioner's allegations after such a hearing, it may then properly resentence. Such a procedure seems best designed to fully protect petitioner's rights. *Lipscomb, supra,* at 1323.

Following this recommended procedure, the court has reviewed all of the records including the presentence report and has concluded that even if all challenged priors are disregarded the sentence would be the same in this case. Farrow has challenged the first four sentences listed above. Two unchallenged sentences arising from convictions for burglary and robbery remain. When the facts that were before the court are considered with the unchallenged priors, there is clearly justification for the sentence that was imposed and it should remain intact irrespective of Farrow's allegations of violations of Gideon v. Wainwright, *supra.*

The *Lipscomb* approach has also been adopted by the First Circuit in United States v. Sawaya, 486 F.2d 890 (1st Cir. 1973), and appears to be the most meritorious manner to protect the rights of the petitioner without unduly consuming judicial resources. Other circuits have demanded that petitioner first invalidate all priors in the courts that originally obtained the convictions before seeking relief under the *Tucker* doctrine. *See* Young v. United States, 485 F.2d 292 (8th Cir. 1973); Brown v. United States, 483 F.2d 116 (4th Cir. 1973) [hereinafter cited as *Brown*]. These decisions are based on principles of exhaustion of state remedies.

A petitioner under Section 2255, it would seem, should not be able to assail a sentence imposed on him in federal court on the basis of an unresolved claim of invalidity leveled at other and different state sentences, especially if those sentences were imposed in another state and jurisdiction

than that within which the federal conviction was had. In short, a 2255 proceeding based on *Tucker*, which is itself a collateral proceeding, should not have as its essential predicate a collateral attack on still another sentence, especially if the sentence was imposed by a state court of another jurisdiction, which has not been invalidated in proceedings originally begun in that latter jurisdiction. A contrary conclusion would mean that a petitioner might use a collateral proceeding in one jurisdiction to make 'a collateral second-level' attack on judgments of convictions rendered in state courts, in which there had been not the slightest attempt at exhaustion of state remedies. *Brown, supra,* at 118.

This court recognizes merit in the *Brown* argument but feels that, while this policy may be more consistent with the concepts of exhaustion of remedies and ripeness, it would involve procedural tangles for both state and federal courts and would perhaps create an insurmountable hurdle for the petitioner whose *Tucker* rights were in fact violated.

It appears that the Ninth Circuit has yet to rule on which test should be adopted. However, several recent decisions suggest that the review of challenged prior convictions should be conducted by the District Court before which the § 2255 petition is pending. *See* Dukes v. United States, *Dukes v. United States,* 492 F.2d 1187 (9th Cir. 1974); Arketa v. Wilson, 373 F.2d 582 (9th Cir. 1967).

On this issue, the court specifically finds that, irrespective of all challenged priors, the sentence was proper and would be imposed in the same manner if petitioner was resentenced at this time.

 Petitioner's second issue, that hearsay was used in the presentence report to suggest greater involvement in the crime charged, is equally without merit. Presentence reports are neither required to conform to the rules of evidence nor is their content restricted to established facts. It has long been the practice of the courts of the United States to permit the sentencing judge to exercise a wide discretion as to the sources and types of information used to assist him in determining the sentence to be imposed within the limits fixed by law. *See* F.R.Crim.P. 32(c)(2). Modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence. In considering the sentence to be imposed after conviction, the sentencing judge is not restricted to information received in open court. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The manner of rebutting hearsay assertions in a presentence probation report must generally rest in the informed discretion of the sentencing judge. The tender of such assertions does not require formal proof nor mandate an evidentiary hearing. United States v. Rosner, 485 F.2d 1213, 1230 (2nd Cir. 1973).

Petitioner's reliance on United States v. Weston, 448 F.2d 626 (9th Cir. 1971), is misplaced. In *Weston*, the sentencing judge had tentatively made a determination of the proper sentence. Subsequently allegations were raised to the effect that Weston was a ringleader in heroin traffic in the state of Washington. Based on this information the court specifically increased the sentence despite Weston's continual denials of the truth of the allegations. The Circuit Court reversed as to the sentence on the grounds that it was error to increase the sentence solely because of the unsupported hearsay contained in the presentence report.

 Weston is distinguishable for a number of reasons. First, the record here contains no suggestion that this court based its sentence on improper information. All that the record shows is that the presentence report contains the opinions of the probation officer that the petitioner was involved as a leader in a marijuana smuggling venture; it does not, as petitioner contends and as af-

firmatively appeared in *Weston*, show that the court "based" its sentence on improper information. Absent an affirmative showing of direct prejudice, there is no compulsion for this court to disregard the hearsay portion of the presentence report. Santorio v. United States, 462 F.2d 612 (9th Cir. 1972).

▮ Additionally, in *Weston*, the defendant constantly denied the allegations presented to the court. Farrow failed to raise any opposition to the conclusions of the probation office. His own attorney admitted in open court that the facts suggested that Farrow was heavily involved in the crime charged. More significantly, no defendant can reasonably expect the probation officer to refrain from seeking whatever information the prosecutor may have regarding the case then before the court or any other case involving that defendant. In fact, failure to so inquire or refusal to respond accurately would be a breach of duty. F.R.Crim.P. 32(c)(2). With these facts in mind, the court finds that petitioner has clearly failed to establish any prejudice arising from the content of the presentence report.

▮ Farrow's third contention is that his own cooperation with law enforcement agencies was not presented to the court in mitigation of sentence. He argues that he had a right to present this information to the court and was precluded from doing so. In the alternative, he urges the court to accept the position that the government had an obligation to inform the court of his alleged cooperation. Any factual basis for this issue is nonexistent. The record discloses that Farrow was given the opportunity personally and through his counsel to offer information in mitigation of sentence. Neither defense counsel nor Farrow chose to present argument on petitioner's cooperation with the government. In United States v. Malcolm, 432 F.2d 809 (2nd Cir. 1970), upon which petitioner relies, the court held that the defendant has the right to present all available information bearing on his cooperation with the authorities and that the court has a duty to listen. A careful reading of *Malcolm* reveals that the government is under no obligation to speak on behalf of the defendant absent the assumption of that duty as part of a plea bargain arrangement. Here government agents evidently promised that if Farrow would cooperate the court would be advised accordingly at the time of imposition of sentence. Apparently, those agents were not satisfied with Farrow's willingness to cooperate or the content of his information. For whatever reason, and on this point the court cannot speculate, the government chose not to present this matter in mitigation of sentence. The obligation to inform the court of the attempted cooperation was on Farrow, not on the government, and the court will not base relief on this issue.

▮ Petitioner's allegation that he was personally denied the right to examine the presentence report is legally irrelevant. The law is clear that a sentencing judge has no obligation to disclose the content of the presentence report to anyone. *See* Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L. Ed. 1337 (1949); Spradlin v. United States, 394 F.2d 816 (9th Cir. 1968); The Use and Disclosure of Presentence Reports in The United States, 47 F.R.D. 225, 228 (1969). Here defense counsel had an opportunity to review the report and it therefore cannot be said that petitioner was subjected to a sentence based upon undisclosed information.

▮ Petitioner's fifth point relates to the delay in obtaining a return from the United States Attorney's office. While it is true that this petition was originally filed in late August 1973, grounds exist which excuse the passage of time. Originally, the United States Attorney had some difficulty in obtaining a transcript of the sentencing. The court reporter who transcribed the proceeding was unavailable for a protracted period of time. This necessitated granting two extensions to the government. Following this delay, the Assistant United States Attorney assigned to the case

passed away. His death led to a further delay in the disposition of this matter. This passage of time, while certainly unfortunate, does not inure to the benefit of the petitioner in any way. He has not been prejudiced and accordingly the government return will not be ignored irrespective of his request for the court to do so.

 Farrow's argument that he was denied effective assistance of counsel totally ignores the realities of this case. Farrow's attorney constantly demonstrated a high level of competence and a true desire to act in the best interests of his client. His comments at the time of sentencing, which Farrow now attacks, were calculated to mitigate the sentence for a crime which petitioner had already entered a plea of guilty. Counsel prepared the memorandum of law upon which the present motion is based. Petitioner argues that he was in some way prejudiced by the scope of attack of that document, urging that it was too narrow. As this opinion's opening comments reveal, every issue raised by the petitioner is presently being considered. Counsel's representation has in no way compromised the instant motion. In other words, petitioner has failed to demonstrate that the quality of representation rendered to him in any way contributed to the sentence imposed. One who asserts that his attorney did not provide adequate legal representation has a heavy burden to sustain. Reid v. United States, 334 F.2d 915, 919 (9th Cir. 1964). Relief from conviction, or as in this case the sentence imposed, on the grounds that defendant was denied the effective assistance of counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the reviewing court, or the purported representation was only perfunctory, in bad faith, a show, a pretense, or without adequate opportunity for conference and preparation. United States v. Main, 443 F.2d 900, 901 (9th Cir. 1971), cert. denied, 404 U.S. 958, 92 S.Ct. 328, 30 L.Ed.2d 276. Here petitioner has failed to even come close to demonstrating incompetence of counsel.

Farrow's last issue, that he was denied the right to speak out in his own behalf, is factually untrue. The court specifically asked Farrow if there was anything he would like to say and petitioner declined. The record is unequivocal on this point. In any case, the right of allocution is not of constitutional dimensions and it is therefore not an error that can be raised by collateral attack under 28 U.S.C. § 2255. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Petitioner's attempt to raise an issue that is simply not present in the factual situation at hand is demonstrative of his approach throughout the instant motion. His reliance on authorities which are clearly distinguishable and his repeated misstatements of the facts in his case render most of this motion to be an abuse of the judicial process and his request for relief unmeritorious.

In summary the court finds that the record conclusively shows that the petitioner is not entitled to relief and that the motion is thereby denied.