**Don H. WEAVER, Petitioner-Appellant,**

v.

**STATE OF TEXAS, Respondent-Appellee.**

No. 71-2996

Summary Calendar.[*]

United States Court of Appeals, Fifth Circuit.

Jan. 5, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Don H. Weaver, pro se.

Crawford C. Martin, Atty. Gen., of Texas, Larry J. Craddock, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the District Court denying two petitions for habeas corpus which were consolidated below. Petitioner, Don H. Weaver, was convicted in Texas state courts on July 14, 1970, for burglary with intent to commit theft. He is presently serving a 12-year sentence following his conviction; however, his appeal from that conviction is pending in a Texas appellate court.

Weaver is not here attacking his present conviction and sentence. Rather, in the first petition he attacks a 1956 conviction for forgery; in the second, a 1955 conviction for forgery. Both convictions arose out of Texas state court proceedings and his sentences thereunder. Both convictions had been served prior to his 1970 conviction. However, the 1955 and 1956 convictions were used at the 1970 trial in Texas state court for the purpose of impeaching Weaver's credibility. Neither was used to enhance his present sentence.[1] Invalidation of either or both would not result in any credit on his present term.

In Jackson v. State of Louisiana, 5 Cir., 1971, 452 F.2d 451, we stated that

"[f]ederal habeas corpus is not available to challenge the validity of a state conviction after the sentence has been completely served, unless the habeas petitioner sustains the burden of proving that he is under some form of restraint by virtue of the conviction. Brown v. Wainwright, 5 Cir., 1971, 447 F.2d 980, [September 10]. In order to have standing to attack such a conviction the petitioner must show that he is presently suffering from harmful collateral consequences of the challenged conviction. Carafas v. La Vallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554." 452 F.2d at 452.

Here, Weaver argues that the use of the allegedly invalid 1955 and 1956 convictions to impeach him at his 1970 trial constituted "collateral consequences" sufficient to invoke the jurisdiction of the District Court on his petition for a writ of habeas corpus. We do not reach that issue. Cf. Loper v. Beto, 5 Cir., 1971, 440 F.2d 934, writ granted, 404 U.S. 821, 92 S.Ct. 151, 30 L.Ed.2d 49 (1971). Rather, we affirm because Weaver's present judgment of conviction is still pending on appeal in Texas state courts. Even if we assumed that use of the prior convictions could constitute

---

1. Weaver's present sentence, however, was enhanced on the basis of a 1958 conviction for robbery by assault and four other prior convictions.

"collateral consequences" under certain circumstances, whether it did so here would be a matter of pure speculation prior to a final Texas judgment. Nevertheless, Weaver asserts that if his present conviction is subsequently reversed in the Texas appellate court and the cause remanded for a new trial, the 1955 and 1956 issues could be used against him for impeachment purposes again, at the new trial. We decline to engage in such speculation and affirm the District Court's ruling.

Affirmed.