**UNITED STATES of America ex rel. Stanley C. MISCAVAGE, Petitioner,**

v.

**HOWARD COUNTY DISTRICT COURT, BIG SPRING, TEXAS, Respondent.**

Civ. No. 732–71.

United States District Court,
D. New Jersey.

March 8, 1972.

As Amended March 16, 1972.

## MEMORANDUM AND ORDER

COHEN, District Judge:

Petitioner, Stanley C. Miscavage, was sentenced on March 21, 1969 to serve a term of 18 to 25 years imprisonment in the New Jersey State prison upon his conviction of second degree murder in Gloucester County, New Jersey. His petition does not attack that conviction and sentence. It does, however, challenge the legal propriety of the New Jersey authorities' use of sentences imposed on December 13, 1945 in the Howard County District Court, Big Spring, Texas, in order to classify him here as a fourth offender.[1] He was there sentenced upon his pleas of guilty to each of three indictments for forging three separate checks each in the amount of $25.00, to concurrent terms of two years imprisonment.

The sole issue presented here is whether petitioner validly waived his right to be represented by counsel at the time of the Texas pleas and sentences. U.S.Const. Amends. 6, 14.

Petitioner argues that the Texas Court did not assign counsel for indigent defendants in 1945; that he cannot recollect the court having ever offered to assign counsel to him and that being ignorant of his constitutional right to counsel, he did not and furthermore could not intelligently have waived such a right.

---

1. Under N.J.S. 2A:85–12 a fourth offender may be sentenced for any term of years or for life; under N.J.S. 30:4–119 prior offenses are considered by the Parole Board.

Insight into the circumstances surrounding the pleas and sentences of petitioner in 1945 in the State of Texas has all but been foreclosed by a silent record of those proceedings in the respondent court. Inquiry of that court resulted in our receipt of certified copies of the indictments, pleas and sentences inserted upon standard printed forms in use in Texas in 1945, but no transcript of the proceedings in open court has been supplied.[2] Because no response has been made to this petition despite adequate notice of its pendency, it is assumed that the respondent and those persons authorized to represent it have elected not to do so.[3] Likewise, we may presume that it would be futile for us to inquire into the availability of post-conviction remedies in Texas, or if available, to require the petitioner, who is imprisoned in this jurisdiction, to pursue them in a foreign state 25 years after conviction when only a question of law appears on the face of this record of sufficient constitutional dimension to justify complete disposition under 28 U.S.C. § 2243. See also: United States ex rel. Boyance v. Myers, 375 F.2d 111 (3 Cir. 1967); In re Thompson, 301 F.2d 659 (3 Cir. 1962); In re Ernst, 294 F.2d 556 (3 Cir. 1961).

Notwithstanding the vintage of the 1945 Texas convictions, adverse effects persist now in New Jersey involving his recidivist classification and which in turn affect petitioner's prison treatment and constitute an important factor in his ultimate consideration for parole. N.J.S.A. 30:4–141. So that if petitioner's right to counsel was not intelligently waived in Texas, as manifested by the sparse record before this Court, then the relief demanded that his 1945 conviction be declared constitutionally null and void must be granted.

■ The minutes in the Texas Court reveal that on Indictments Nos. 2359, 2360, and 2361, charging Forgery, a Felony in Texas, by Stanley Charles Miscavage, the petitioner here, entered pleas of guilty, December 13, 1945, according to printed forms signed by the then presiding judge. In pertinent part it stated: " . . . defendant Stanley Charles Miscavage appeared in person, * * * and . . . announced ready for trial, and defendant in open Court, in person, pleaded guilty to the charge in the indictment." The phrase which was stricken by the Clerk in Texas (asterisks above) is printed in the form as: "his counsel also being present." No mention is made in any of these records that petitioner, prior to plea or sentence, was ever advised of his right to counsel of his choice or to assigned counsel if he was indigent. Failure to request one is immaterial.[4]

■ The law seems quite clear in such cases, where the record is silent, that the burden is upon the respondent to demonstrate that an alleged waiver of counsel was an intelligently informed one of a known constitutional right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); United States ex rel. Craig v. Myers, 329 F.2d 856 (3 Cir. 1964). As stated in *Carnley*, 369 U.S. at page 516, 82 S.Ct. at page 890:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which will show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

2. Honorable R. W. Caton of the Howard County District Court was kind enough to provide whatever assistance he could in supplying certified copies of the printed records referred to. Further inquiry was made of the county prosecutor's office regarding the availability of a transcript, but no reply has been forthcoming since December, 1971 from either the prosecutor or the named respondent.

3. Petitioner paid his debt to Texas almost 25 years ago and its disinterest with respect to the present petition is obvious.

4. Rice v. Olson, 324 U.S. 786, 788, 65 S.Ct. 989, 89 L.Ed. 1367 (1945).

See also, United States ex rel. Urbano v. Yeager, 323 F.Supp. 774 (D.C.N.J.1971) containing an excellent discussion of this problem by Judge Kitchen of this Court and reaching the same conclusion. Here, unlike *Urbano*, the petition is unopposed.

■ The keystone for these rulings is, of course, the landmark case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). And although the Texas convictions herein occurred in 1945, long before *Gideon*, the impact of that decision is fully retroactive. Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964); retroactivity was reaffirmed as recently as January 11, 1972, in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, No. 70–86. As stated in Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), quoted in *Tucker*, 404 U.S. at page 449, 92 S.Ct. at page 593, " '[t]o permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case.' "

■ Accordingly, the Texas convictions not having demonstrated requisite compliance with the standard for waiver of counsel mandated in Johnson v. Zerbst, *supra*, petitioner's pleas entered there to the indictments and the sentences thereupon imposed and challenged by this petition are declared to be null and void. Pursuant to 28 U.S.C. § 2243, an order shall be entered herewith to that effect and providing that the Texas proceedings referred to herein shall not be considered with respect to petitioner's prison classification, or for his eligibility for parole, or otherwise. Although the petitioner does not directly challenge the 18 to 25 year term of imprisonment imposed in the Gloucester County Court, New Jersey, nor name any New Jersey officials as respondents, in order to avoid circuity of actions, that sentence shall be vacated pursuant to the instruction announced in United States v. Tucker, *supra* and the petitioner shall be produced before that sentencing court for resentence, in light of this determination voiding the Texas proceedings. Of course, the time already served by the petitioner shall be computed as a credit on the resentence.

Now, therefore, it is on this 8th day of March, 1972 ordered that the petition of Stanley C. Miscavage for a writ of habeas corpus releasing him from the consequences flowing from his criminal convictions in Texas in 1945 upon Indictments Nos. 2359, 2360 and 2361, be and is hereby granted and his pleas entered thereon together with the sentences imposed thereupon are declared null and void and of no legal effect. Furthermore, such null and void proceedings shall not be considered by the New Jersey prison or parole authorities in any matter respecting this petitioner. The 18 to 25 year term of imprisonment imposed upon the petitioner on March 21, 1969 by the Gloucester County Court is hereby vacated pursuant to United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, No. 70–86, decided January 11, 1972, and he shall be produced before that Court for resentencing within 30 days of the date of the service of a copy of the Memorandum and Order as amended, upon the County Prosecutor.

It is further ordered that inasmuch as the petition herein was filed *pro se* and none of the affected New Jersey authorities, such as Howard Yeager, Warden of the New Jersey State Prison, the Attorney General of New Jersey, the Parole Board of New Jersey, or the Gloucester County Prosecutor, were made parties thereto, they or any of them shall be afforded an opportunity to intervene as real parties in interest to move for reconsideration, or possible appeal, within 30 days from receipt of service hereof.

It is further ordered that in the event of an appeal this Order shall be stayed to accommodate such appeal or intervention.