**Jose Manuel FRANCHI, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72-1592**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

July 31, 1972.

Jose Manuel Franchi, pro se.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for repondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion to vacate, 28 U.S.C. § 2255, the federal sentence of appellant Jose Manuel Franchi. We vacate the ruling below and remand the cause for further proceedings.

In 1964 appellant was convicted of violating the federal marijuana laws, 26 U.S.C. § 4744(a). He served a two year sentence. In 1969 he was convicted of the sale, etc. of cocaine, which is prohibited by 26 U.S.C. § 4705(a) and was sentenced to ten years. Two years later appellant's 1964 conviction was vacated by this Court, Franchi-Alfaro Negrin v. United States, 5th Cir. 1971, 445 F.2d 320. Subsequently, this § 2255 action was commenced attacking the 1969 sentence. Appellant asserted that he had been sentenced as a second offender and that since the first offense had been vacatd he should be resentenced as a first offender. The court below, the same judge who sentenced appellant in 1969, denied relief, stating that appellant had not been sentenced as a recidivist for the cocaine conviction and thus was not entitled to relief.

The district court's opinion, although making it clear appellant was not sentenced on the basis of the recidivist information filed by the Government, indicates nevertheless the possibility that the invalid 1964 conviction was considered by the trial court in sentencing appellant. Such consideration is imper-

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

missible under United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

In view of the broad discretion permitted trial courts in sentencing and of the fact that appellant was sentenced to only half the maximum term provided by the statute, we are somewhat reluctant to remand this action. However, it appears "that the sentencing judge gave specific consideration to the [appellant's] previous conviction before imposing sentence upon him." United States v. Tucker, *supra*, 92 S.Ct. at 592. *Tucker* thus requires that appellant be resentenced.

Vacated and remanded.