James William **WHEELER**, Petitioner-Appellant,

v.

**UNITED STATES of America,** Respondent-Appellee.

No. 72-1771.

United States Court of Appeals, Ninth Circuit.

Oct. 6, 1972.

James W. Wheeler, in pro. per.

William D. Keller, U. S. Atty., Paul H. Sweeney, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for respondent-appellee.

Before KOELSCH, HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

Appeal from an order denying, without a hearing, petitioner's motion for relief pursuant to 28 U.S.C. § 2255.

Petitioner in substance makes four contentions. Of them, three are frivolous.

1. That petitioner pleaded guilty to the criminal charges [robbery of a national bank, 18 U.S.C. § 2113(a)] in reliance upon the opinions of the "arresting F.B.I. agent, attorney, probation officer and several United States marshals that he would not receive a sentence of more than five years," even if true, would not warrant setting aside

his conviction and plea. United States v. Edmo, 456 F.2d 240 (9th Cir. 1972).

 2. So, too, if the court, before imposing sentence, had not disclosed to him the material contained in the report of the presentence investigation. Rule 32(c)(2), F.R.Crim.P.; See United States v. Samaniego, 437 F.2d 1244 (9th Cir. 1971).

3. And petitioner's motion to reduce sentence was manifestly untimely. Rules 35, 43(b), F.R.Crim.P.

4. However, petitioner's fourth contention, if established, would have merit; but the court may have rejected it on the basis of an erroneous view of the law. Thus, petitioner alleged in his petition that the court in fixing sentence considered among other factors two prior state criminal convictions, both of which had been reversed on constitutional grounds but which nevertheless were enumerated as valid convictions in his presentence report.[1] The District Court's order, in answering this contention, recites merely that: "Petitioner's first claim that the court based its sentence more on Criminal Investigation and Information Report than on the seriousness of the crime is without basis or merit."

Unfortunately, the court's language is not only unclear but it also appears to say, in a roundabout fashion, that some consideration was given to the vitiated sentences. Only recently the Supreme Court has ruled that any reliance upon an invalid prior conviction to enhance a criminal sentence is constitutionally impermissible and requires vacation of the latter and a remand to the District Court for resentencing without consideration of such invalid conviction. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

Thus, on the record, we have no alternative but to vacate the order and to remand the matter with directions to give further consideration to the issue indicated, and for such disposition as may then appear proper.

It is so ordered.

---

[1] Petitioner in his brief, in reference to the two criminal counts in question, states: "In November, 1966, the circuit court of Jackson County, Mississippi, declared a conviction as 'Null-Void' because the defendant-appellant had been tried without the aid of counsel. In March, 1968, the Second District Court of Appeals, Los Angeles, California, ordered a 'Reversal in its Entirety' because of constitutional issues."