William A. MITCHELL, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. PCA 2553.

United States District Court,
N. D. Florida,
Pensacola Division.

Nov. 7, 1972.

367

Paul L. Cummings, Pensacola, Fla., for petitioner.

William H. Stafford, U. S. Atty., Pensacola, Fla., for respondent.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

This proceeding came before the court on a motion to vacate and set aside sentence under 28 U.S.C. § 2255. An evidentiary hearing was held at which the petitioner, represented by court-appointed counsel, was present and testified.

Petitioner contends that the sentence he received in this court on June 14, 1971 was enhanced by three prior convictions obtained when he was not represented by counsel. He relies on United

States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The court considered, on sentencing, the three convictions but cannot state with certainty whether or not they enhanced the sentence and so makes no determination respecting such.

■■■ *Tucker* has been carefully considered; it goes a long way. The conclusion reached is that the *Tucker* court, in its zeal to avoid erosion of the principles of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), contributes to the erosion of sentencing philosophy. Under *Tucker,* as this Court understands it, a sentencing judge may not give consideration to the question whether a defendant was, in fact, guilty of offenses charged in prior convictions when those convictions have been established as invalid under *Gideon.* Under *Gideon* a conviction in violation of it is set aside on due process grounds without regard to the question of actual guilt. Yet a sentencing judge, striving to do justice to society and convicted persons,[1] must endeavor to determine from all the surrounding circumstances and background available to him whether a convicted defendant is the type of person who has learned from previous mistakes and may be placed on probation, or whether justice to society requires that defendant be imprisoned and, if so, the extent. Whether that defendant has been in fact guilty of prior criminal offenses, and the nature, kind

and extent of them necessarily must be a relevant factor, though, of course, not the only one, in reaching proper decision. As is pointed out by Robert A. Dawson in his book on sentencing containing the report of the American Bar Foundation Survey of the Administration of Criminal Justice in the United States, arrests not resulting in convictions, though usually ignored in making the probation decision, are taken into consideration if they form a pattern clearly indicating the defendant is guilty of the offense for which arrested.[2]

When, as here, a defendant has entered a plea of guilty to the prior charges against him and does not contend or assert—as he does not here— that he was not in fact guilty of those charges, surely a strong inference arises that he was in fact guilty of them. Yet under the rationale of *Tucker,* these convictions, if determined to be invalid under *Gideon,* cannot be considered in imposing sentence.

*Tucker,* seeking more certain justice, nonetheless places another possible roadblock in the search in this nation for swift as well as sure justice.[3]

■■■ Because of the foregoing, this court concludes *Tucker,* and its rationale, should be construed strictly.

There does not appear, from the report of the case, presented in *Tucker* any question of prior record confrontation. While in *Tucker* the defendant

---

1. Sentencing presents, at least to this judge, the most difficult task he has to perform. A sentencing judge, because he deals with intangibles of human nature, can never be completely certain a sentence is the correct one. All he can do is strive conscientiously to evaluate properly and hope he has succeeded in so doing.

2. The proposed standards of the American Bar Association relating to probation expressly recognize that there should be included in presentence report a full description of any prior criminal record of the offender. (Tentative draft, Feb. 1970).
A copy of the prior criminal record of this defendant that was before this court

at the time of sentencing has been made a part of the record in this proceeding.

3. As Judge William L. Campbell points out, in his article on Delays in Criminal Cases, 55 F.R.D. 229, we now have eight trials to replace the original one. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) adds another; *Tucker* adds another sentencing. It is scarcely surprising that there is, as Judge Campbell points out, critical comparison of our federal system in criminal cases with the English system, or that writers contend, as does Mr. Irvin Ross in The Rotarian (Nov. '72) that justice is simpler and swifter in England.

had acknowledged three prior convictions, it does not appear whether he had been queried concerning their correctness; moreover, the sentencing occurred in 1953, long before *Gideon.* At the time of sentencing of this defendant by this court in this case, he was confronted with his prior criminal record then before the court and requested to advise the court concerning its correctness. Notwithstanding petitioner was then aware of *Gideon,* he advised this court the record was correct. It was not until the subsequent decision of *Tucker* that he asserted, for the first time before this court, that these three convictions were invalid under *Gideon.* The court concludes he may not now assert such invalidity.

In reaching this conclusion, this court is mindful of Hilliard v. Beto, No. 72–1869 (5th Cir. Sept. 1, 1972). But that case and Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), which it followed, dealt not with imposition of sentence, but adjudication of guilt, and this case is distinguishable for that reason.

■ To the contrary, the reasoning of the Court of Appeals for the Fifth Circuit in cases prior to *Santobello,* referred to in *Hilliard,* is applicable here. A convicted defendant confronted with a prior criminal record by a sentencing judge, aware at the time of *Gideon's* requirements and stating the record is correct, should not be allowed later, and after he knows the sentence given him, to change his story and claim incorrectness of that record as not meeting *Gideon* requirements.

■■ Beyond that, this case is also distinguishable from *Tucker* in that the three convictions petitioner complains of have not heretofore been conclusively determined to be constitutionally invalid. Their invalidity could and should not, regardless of the evidence here presented, be determined in this proceeding before this court. The proper forum in which to seek determination of invalidity of a prior conviction on *Gideon* principles is the court in which such prior conviction was had—and no one of the three prior convictions here challenged arose in this court.

One of the prior convictions involved a 1956 conviction in the United States District Court for the Middle District of North Carolina. The action here is a civil matter; the process of this court could not reach to those involved in that conviction, and who should be given opportunity to be heard on any determination of validity vel non of that conviction. Moreover, under 28 U.S.C. § 2255, a motion to attack a sentence must be filed in the sentencing court. Petitioner has never filed any such motion in the sentencing court; that court, and not this one, should properly be given first opportunity, in any event, to consider the matter.

While the other two convictions complained of are Florida state court convictions, and witnesses would be within the territorial reach of this court's civil process, the same reasoning in other respects applies to them. Those courts, and not this one, should be given first opportunity, respectively, to consider the validity of those convictions. Under 28 U.S.C. § 2254, this petitioner is required to exhaust all remedies available to him in the state courts before coming into federal courts; Florida's Rule 3.850, 33 F.S.A., and the habeas corpus power of the Supreme Court of Florida provide petitioner with available remedies, and he has not exhausted them.

Respecting the Bay County conviction, this petitioner heretofore filed a petition for writ of habeas corpus in the Circuit Court of Bay County, Florida, alleging he was not represented by counsel in the proceeding there. That petition was denied; rather than appealing, petitioner filed another petition for writ of habeas corpus in the Supreme Court of Florida alleging the same grounds of relief. That court denied the petition on the ground that the proper course of action was an appeal from the Circuit Court's denial of the first petition, and without

prejudice to any rights petitioner had to such review in the District Court of Appeal. Petitioner took no further action in the case; clearly it cannot be said on the record here he has exhausted his state court remedy.

Petitioner has not attacked in the state courts his other state conviction, nor has he attacked the other federal conviction in North Carolina.

Petitioner, though stating he was aware of *Gideon* at the time it came out, seeks here to justify his failure heretofore to attack these convictions on the ground that he had been under the impression he could not attack a sentence already served.

■ As to the federal conviction in North Carolina, Petitioner still has a remedy available for attacking his conviction although the sentence has already been served. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Hemming v. United States, 409 F.2d 11 (5th Cir. 1969). The same is true as to the state sentences. Sibron v. New York, 392 U.S. 40, 88 S. Ct. 1889, 20 L.Ed.2d 917 (1968); Frizzell v. State, 238 So.2d 67 (Fla.1970).

■ In addition to all of the foregoing, the evidence here is clearly insufficient to establish conclusively the invalidity of these prior convictions. The certified copy of the docket sheet in the federal case in North Carolina contains the entry: "Each Deft. waives appointment of attorney by the court," which indicates petitioner was offered court-appointed counsel. At hearing, petitioner claimed that, if he had been offered counsel, he did not knowingly and intelligently waive counsel. The only reasons he gives in support, however, are that he "didn't realize the value of an attorney" and that he was "sure the court wasn't correct in the procedure they took in letting me waive counsel."

The certified copy of the proceeding in the Circuit Court in Bay County, Florida in 1958 indicates that petitioner was asked if "he desired the services of an attorney" but that he stated he "did not want a lawyer." Petitioner stated at hearing that he was not advised that he had a right to court-appointed counsel if he could not afford to hire an attorney and the reason he said he didn't want counsel was because he had no money to hire an attorney. Since this took place before the *Gideon* decision, it may be petitioner was not advised of any right to court-appointed counsel, but that is not here established.

The certified copy of the record of the proceedings in 1955 in the Court of Record of Escambia County, Florida shows that petitioner was not represented by counsel and there is no evidence that petitioner was questioned or advised concerning counsel. Petitioner testified he wanted an attorney but could not afford to hire one and that he did not ask the court for appointed counsel in either that case or the Bay County case because, under the law of Florida at that time, he knew none would be appointed. But no further evidence was presented.

On the record before the court, petitioner has not carried the burden of conclusively establishing the invalidity of these prior convictions. His prior knowledge of *Gideon*, his failure properly heretofore to attack these proceedings, his silence regarding their possible *Gideon* invalidity at sentencing before this court and his assertion of *Gideon* invalidity only after he became aware of *Tucker* leave this unsupported testimony, to the extent it supports such invalidity, insufficient to justify such a determination.

■ Because of the foregoing, the court concludes, under the circumstances here involved and for the reasons set forth, that this motion should be denied. Judgment to that effect will be entered.