**Ersel Owen MARCUM, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 3056.**

United States District Court,
S. D. West Virginia,
Huntington Division.

Nov. 22, 1972.

Ersel Owen Marcum, pro se.

John A. Field, III, U. S. Atty., Robert B. King, Asst. U. S. Atty., Charleston, W. Va., for respondent.

CHRISTIE, Chief Judge:

Petitioner, Ersel Owen Marcum, a federal prisoner presently serving a three year sentence imposed by this court, moves the court, under the provisions of Section 2255, Title 28, United States Code, to vacate and set aside that judgment and sentence, on the sole ground that the prior state conviction which was relied upon as furnishing the necessary underpinning for the federal offense was obtained in violation of petitioner's constitutional right to assistance of counsel, as provided for by the Sixth Amendment to the Constitution of the United States.

## STATEMENT OF FACTS

The facts, as established by the petition and the response of the United States thereto, are not in dispute; accordingly, an evidentiary hearing is not

deemed necessary for a determination of the issue raised. The facts may be summarized as follows:

In 1950, petitioner was indicted in the Circuit Court of Logan County, West Virginia, on a felony charge of grand larceny. Subsequent to such indictment, petitioner entered a plea of guilty and was thereafter sentenced by that court to the West Virginia Penitentiary for an indeterminate period of one to ten years. Petitioner was not represented by counsel at any time during these state court proceedings.

In 1971, petitioner was indicted in this court and thereafter, pursuant to a plea of guilty, was convicted and sentenced to an indeterminate period of three years. The charge out of which this conviction and sentence arose and which petitioner attacks as being unconstitutional was set forth in Count One of the indictment as follows:

"On or about the 17th day of June, 1970, at Madison, Boone County, West Virginia, and within the Southern Judicial District of West Virginia, ERSEL OWEN MARCUM, alias Earl Owen Dillon, in acquiring a firearm from a licensed firearms dealer, Smith's Hardware, Madison, Boone County, West Virginia, did knowingly make a false and fictitious written statement, intended and likely to deceive such dealer with respect to a fact material to the lawfulness of the sale of such firearm, in that he then and there stated that he had not been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, when in truth and fact, he well knew that he was a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Section 922(a)(6) and 924(a), Title 18, United States Code."

It is admitted by the government in this proceeding that the crime adverted to in the indictment was the 1950 grand larceny conviction in the Circuit Court of Logan County.

Subsequent to the time petitioner began serving the sentence imposed by this court, he filed a petition for a writ of habeas corpus in the Circuit Court of Logan County, West Virginia, asserting in that petition that his 1950 conviction should be set aside for the reason that he was not represented by counsel in the proceedings in that court. Thereafter, by order entered on the 28th day of August, 1972, the Circuit Court found that petitioner had not been represented by counsel in the proceedings leading to his conviction of grand larceny in 1950 and, on the basis of this finding, ordered that the 1950 conviction be "vacated, set aside and held for naught." The government does not contest the correctness of this finding and decision of the Circuit Court. It is, therefore, established for the purposes of this proceeding that petitioner did not have the benefit of counsel in the proceedings leading to his conviction for grand larceny in Logan County in 1950.

Petitioner now asserts that, since it has been established that his previous state court conviction was void, his conviction and sentence in this court should likewise be set aside inasmuch as the underpinning for the federal conviction and sentence was the prior state court conviction. On the other hand, the United States asserts that, since the state court conviction was an "unassailed and viable" conviction at the time petitioner purchased the firearm giving rise to the federal charge, he may not now have the federal conviction and sentence voided. The question thus presented for determination is whether a federal conviction based upon the purchase of a firearm by one convicted of a state felony charge in violation of Section 922(a)(6) and 924(a) is valid when the state court conviction is subsequently found to have been obtained in violation of the defendant's Sixth Amendment right to representation by counsel and is therefore void.

## CONCLUSION OF LAW

█ Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) stands for the proposition that a person charged with a crime in a federal court is entitled by the Sixth Amendment to the assistance of counsel for his defense, unless he intelligently waives it. This decision goes on to hold that if the accused is not represented by counsel and has not intelligently waived counsel, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence. Later, in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Court extended the right to counsel to state prisoners through the Fourteenth Amendment. It is now generally accepted that this right—being a basic constitutional guarantee—requires retroactive application. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971); Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972). In *Williams,* 401 U.S. p. 653, 91 S.Ct. p. 1152, the Court said:

> "Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect (footnote citations omitted). Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances."

In *Adams,* 405 U.S. pp. 280–281, 92 S.Ct. 916, 31 L.Ed.2d 202, after referring with approval to the above quote from the *Williams* opinion, the Court specifically gave a *Gideon* situation as being one where retroactive application was mandated.

█ Since it is thus seen that both federal and state convictions of uncoun-seled defendants are constitutionally invalid unless counsel is intelligently waived, and that such invalidity must be retroactively applied, we must look to the particular situation at hand in this case to determine the propriety of the government relying on a prior state criminal conviction, since judicially found to have been obtained in violation of *Gideon,* to sustain the federal conviction now under attack in this proceeding. We have no difficulty in finding that such reliance is misplaced. In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Court held against the use of a previous criminal conviction, secured against a defendant who was not represented by counsel, in a subsequent criminal proceeding. There the prosecution had introduced records of previous uncounseled convictions of the defendant in connection with a recidivist charge. In reversing, the Court stated, at p. 115, 88 S.Ct. at p. 262:

> "To permit a conviction obtained in violation of Gideon v. Wainright to be used against a person either to *support guilt* or enhance punishment for another offense . . . is to erode the principle of that case". (Emphasis added).

The clear effect of this decision, of course, is that constitutionally defective convictions, at least where based upon proceedings in which the defendant was denied his Sixth Amendment right to representation by counsel, may not be used for any purpose, whether to increase a sentence, as in recidivist situations, or to establish an element of the substantive offense charged.

█ Had petitioner contested the charge arising out of the firearm purchase, rather than entering a guilty plea, and established, as he has now established, that his previous conviction was obtained in violation of his right to representation by counsel, it is clear that the government would have been precluded from relying upon the previous conviction in establishing the al-

leged violation of the Gun Control Act of 1968. 18 U.S.C.A. §§ 922(a)(6) and 924(a). In United States v. Lufman, 457 F.2d 165 (7th Cir. 1972), the court held that where a federal conviction for violation of 18 U.S.C. App. § 1202(a), a statute making it unlawful for a convicted felon to possess a firearm, was based upon a previous state court conviction obtained in violation of the defendant's Sixth Amendment right to counsel, the federal conviction was subject to reversal on appeal. In the cases examined by this court in which a question has arisen concerning the use of previous convictions obtained in violation of the principles set forth in *Gideon*, the courts have unanimously held that the constitutionally defective convictions could not be used to "support guilt or enhance punishment." See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); United States v. DuShane, 435 F.2d 187 (2d Cir. 1970); McHenry v. California, 447 F.2d 470 (9th Cir. 1971); United States v. Thoresen, 428 F.2d 654 (9th Cir. 1970); Williams v. Coiner, 392 F.2d 210 (4th Cir. 1968).

The facts of the present case are clearly distinguishable from those found in United States v. McDowell, 328 F. Supp. 606 (W.D.Pa.1971), the sole case cited by the government in opposition to the contentions of petitioner. In the *McDowell* case, also involving a violation of 18 U.S.C. § 922(a)(6), the defendants, in a case tried to the court, put on no evidence, relying upon their belief that they were entitled to judgments of acquittal by reason of the government's failure to negate the alleged defense that the convictions upon which the federal charge was based were constitutionally invalid. The court held, and rightly so, that the burden in the first instance

rests upon the defendants and that the failure of the defendants in this particular case to offer any evidence with respect to the constitutionality of the previous convictions required the appellate court to affirm the convictions entered by the district court. Such is not the situation here, for it already has been judicially established that petitioner's previous state court conviction is constitutionally invalid. The United States does not contend otherwise.

The fatal weakness in the United States' position in this case arises from its assertion that, at the time petitioner purchased the firearm involved in this proceeding, there was a "valid and subsisting" felony conviction on his record. However, the *Gideon* case, as it has been retroactively applied, results in petitioner's conviction being " 'void' . . . and 'infirm from its incipiency.' " United States v. Lufman, 457 F.2d at p. 168. To permit petitioner's federal conviction to stand under these circumstances would result, as pointed out by the court in *Burgett*, 389 U.S. at p. 115, 88 S.Ct. at p. 262, 19 L.Ed.2d 319, in petitioner's suffering anew from "the deprivation of that Sixth Amendment right" of representation by counsel.

## CONCLUSION

Having thus determined that petitioner's previous state court conviction, upon which the conviction in this court was based, was constitutionally invalid for the reason that petitioner was denied assistance of counsel during the state court proceedings, petitioner's Section 2255 motion to set aside his conviction is granted and an order will be entered releasing him from further federal custody by reason thereof.