**James Lyman JACOBS, Petitioner-Appellant,**

v.

**The STATE OF TEXAS, Respondent-Appellee.**

**No. 72-2772**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1973.

James Lyman Jacobs, pro se.

Crawford Martin, Atty. Gen., W. Barton Boling, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The district court dismissed the petition of appellant Jacobs for habeas corpus relief on the ground that he had failed to exhaust available state remedies. We affirm.

On March 27, 1972 the petitioner was found guilty of robbery by assault. He was sentenced to life imprisonment under the Texas enhancement statute on the basis of a 1964 conviction for automobile theft. Jacobs' appeal from the 1972 conviction is now pending before the Texas Court of Criminal Appeals and one of the issues for review is the validity of the 1964 conviction which was used for enhancement purposes.

In apparent anticipation of the likelihood of enhancement, Jacobs initiated an attack on his 1964 conviction immediately prior to his conviction for robbery by assault. He filed a petition for a writ of habeas corpus in the state court in

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

which he was sentenced in 1964, asserting that this conviction was invalid because of the state's failure to comply with certain procedures mandated by the Texas Code of Criminal Procedure. The trial court denied relief without a hearing on March 27, 1972, with the observation that the petition did not state facts which, if believed, would entitle him to the relief sought. On April 12, 1972, the Texas Court of Criminal Appeals likewise denied relief. Thereafter, on May 8, 1972, Jacobs sought habeas corpus relief in federal district court; he attacked the validity of the 1964 conviction and complained of its use in the 1972 prosecution. The district court dismissed on the grounds that he had failed to exhaust available state remedies, specifically the remedy of direct appeal then pending before the Texas Court of Criminal Appeals.

Jacobs contends that the denial of his state habeas petition by the Texas sentencing court and the Texas Court of Criminal Appeals sufficed to exhaust state remedies as required by 28 U.S.C. § 2254. There would perhaps be merit in this contention if Jacobs were challenging the validity of his 1964 conviction without reference to its use for enhancement purposes. McDaniel v. Sheriff of Dallas County, 445 F.2d 851 (5th Cir. 1971). But that is not the case here. The circumstances were considerably altered when the 1964 conviction was used as the basis for the imposition of a life sentence on Jacobs. See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). The petitioner now has an available state remedy with regard to his earlier conviction; his direct appeal from the 1972 robbery conviction and sentence which is presently pending in the Texas Court of Criminal Appeals. The district court did not err in denying habeas relief to Jacobs on the ground that he failed to exhaust his available state remedies. 28 U.S.C. § 2254(b); Weaver v. Texas, 453 F.2d 1226 (5th Cir. 1972). The judgment below is affirmed.