**Edward Eugene BROWN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 72-1312.

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1973.

Decided Aug. 1, 1973.

David H. Erisman and John E. Skvarla, III, Third Year Students (Daniel H. Uollitt, Chapel Hills, N.C., [Court-appointed counsel] on brief), for appellant.

Oscar W. Bannister, Jr., Asst. U.S. Atty. (John K. Grisso, U.S. Atty., on brief), for appellee.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

On October 7, 1968 the petitioner plead guilty in the district court to two counts of mail fraud under Section 1341, 18 U.S.C. Since the petitioner had not consented to a pre-sentence report prior to the entry of his plea, no such report was available at the time his plea was entered. He, however, asked to be sentenced without delaying to secure such a report. In an effort to learn something about the petitioner in the absence of any presentence report, the trial court requested a Federal Bureau of Investigation report or sheet of prior charges against the petitioner. It developed that the petitioner was not unversed in criminal law. The report indicated that he had been engaged in a number of brushes with the law. The Court did not rely on the report, however, but carefully went over each charge appearing on the sheet with the petitioner. The petitioner admitted three prior state convictions, as set forth on that sheet.[1] The Court then sentenced the petitioner to the maximum penalty of five years on one count of the indictment, and one year on the other count, to run consecutively with the sentence imposed on the first count.

On February 28, 1972, following the issuance of United States v. Tucker (1972) 404 U.S. 443, 92 S.Ct. 589, 30 L. Ed.2d 592, the petitioner filed a petition under Section 2255, 28 U.S.C. In his petition, the petitioner alleged that the three prior state convictions he had admitted to at his sentencing had all occurred without the benefit of counsel. Citing *Tucker,* the petitioner asked that his original sentence be vacated and that he be re-sentenced without the court considering the three prior convictions.

The district court dismissed the petitioner's petition without requiring a response by the Government. The petitioner has appealed that dismissal, contending that *Tucker,* applied retroactively, renders his sentence invalid and compels re-sentencing without any consideration of the three prior challenged convictions. We reverse and remand for further proceedings.

It is the position of the Government in its brief that the issue of retroactivity of *Tucker* is not ripe for adjudication on the undeveloped record in this case. It emphasizes that there has been no determination that the petitioner was without counsel at the convictions in issue. All that was before the district court on this issue was the bare allegation of the petitioner's petition to the effect that he was not furnished counsel at these trials. The Government was afforded no opportunity to answer that claim or to be heard. It argues that it may well be that the petitioner had counsel or had validly waived counsel and that, if so, it would be unnecessary—in fact, it would be improper—for the district court to consider the retroactivity of *Tucker.* In short, the Gov-

1. *Cf.* Mitchell v. United States (D.C. Fla.1972) 350 F.Supp. 366, 369:

"At the time of sentencing of this defendant by this court in this case, he was confronted with his prior criminal record then before the court and requested to advise the court concerning its correctness. Notwithstanding petitioner was then aware of *Gideon* [Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799], he advised this court the record was correct. It was not until the subsequent decision of *Tucker* that he asserted, for the first time before this court, that these three convictions were invalid under *Gideon.* The court concludes he may not now assert such validity." *See, also,* United States v. Janiec (3d Cir. 1972) 464 F.2d 126, 132, in which the Court suggests that at sentencing the trial court should review with the defendant all alleged prior convictions in a pre-sentence report so that the defendant may indicate which convictions on such record "had been vacated".

ernment contends that it is entitled to put at issue by a response the petitioner's allegation that he was without counsel at his prior convictions or had validly waived counsel and to have this fact, if put in issue by the Government's response, determined at an evidentiary hearing. Until that right has been accorded it, the retroactivity of *Tucker*, it contends, is not ripe for decision.

■ Lipscomb v. Clark (5th Cir. 1972) 468 F.2d 1321, suggests that the proper procedure to be followed by District Courts, confronted with a petition raising issues such as those posed under *Tucker* by this petition, contemplates an initial preliminary review of the records in the case in order to determine whether, assuming that the state convictions which the petitioner asserts are constitutionally invalid are invalid, the sentence imposed on the petitioner "would still be the appropriate sentence." If the District Court finds that the sentence "would still be the appropriate sentence", this decision holds that an order setting forth such finding and dismissing the petition for that reason "would seem sufficient to comply with the requirements of *Tucker*." [2] We are disposed to approve this procedure. It may be that the able District Judge, who dismissed this petition, followed the procedure suggested. Unfortunately, though, the order of dismissal did not make the basic finding that the sentence imposed "would still be the appropriate sentence" as the reason for its dismissal. It would accordingly be necessary in any event to remand the proceeding to the District Court in order that it might review the record to determine whether, assuming the invalidity of the three state convictions in question, its sentence would be the same.

Of course, should the District Court find that its sentence would be different, assuming that the state convictions are constitutionally invalid, it will then be in order for the District Court to consider the state convictions themselves. If the state convictions have been invalidated for want of counsel in *habeas* proceedings begun initially in the state court where such convictions were had, there is no problem; *Tucker* mandates re-sentencing. If, on the other hand, the state convictions have not been assailed in *habeas* proceedings begun in the state court where convictions were had, the District Court might well give consideration to dismissing the proceedings as premature.

■ A petitioner under Section 2255, it would seem, should not be able to assail a sentence imposed on him in federal court on the basis of an unresolved claim of invalidity leveled at other and different state sentences, especially if those sentences were imposed in another state and jurisdiction than that within which the federal conviction was had. In short, a 2255 proceeding based on *Tucker*, which is itself a collateral proceeding, should not have as its essential predicate a collateral attack on still another sentence, especially if the sentence was imposed by a state court of another jurisdiction, which has not been invalidated in proceedings originally begun in that latter jurisdiction. A contrary conclusion would mean that a petitioner might use a collateral proceeding in one jurisdiction to make "a collateral second-level" attack on judgments of convictions rendered in state courts, in which there had been not the slightest attempt at exhaustion of state remedies. *Cf.*, Loper v. Beto (1972) 405 U.S. 473, 500, 92 S.Ct. 1014, 31 L.Ed.2d 374

---

2. The propriety of this procedure was recognized and followed in Haynie v. United States (5th Cir. 1973) 474 F.2d 1051; McAnulty v. United States (8th Cir. 1972) 469 F.2d 254, 255; United States v. Janiec, supra, at 132, n. 14 of 464 F.2d; Rogers v. United States (5th Cir. 1972) 466 F.2d 513, cert. denied, 409 U.S. 1046, 93 S.Ct. 546, 34 L.Ed.2d 498; Hernandez v. Craven (D.C.Cal. 1972) 350 F.Supp. 929, 939; and Towers v. Director (1973) 16 Md.App. 678, 299 A.2d 461, 465.

(Rehnquist, J., dissenting). If the state conviction is in another state from that in which the 2255 proceedings are had, the State procuring the challenged conviction would not be a party to the proceeding, would not have been heard on the invalidation of its conviction, and would have been denied the right to a prior exhaustion of state remedies as required under Section 2254(b), 28 U.S.C. All of these reasons were recognized and commented on in Word v. State of North Carolina (4th Cir. 1969) 406 F.2d 352, 356–357, and represent in substantial degree the basis for the decision in Braden v. 30th Judicial Circuit Court of Kentucky (1973) 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443, filed February 28, 1973.[3] They appear sufficient warrant for requiring that a prisoner who bases his attack against one sentence on a collateral attack on another state sentence, particularly, when imposed in a foreign

jurisdiction, to attack first the underlying sentence in the court imposing that sentence. *See,* United States v. Wilkins (2d Cir. 1962) 303 F.2d 883; Jacobs v. Texas (5th Cir. 1973) 470 F.2d 1366; and Mitchell v. United States, *supra,* 350 F.Supp. 366.[4] After all, it can hardly be gainsaid that a more orderly and justiciable review of the validity of a conviction can be afforded by the sentencing court than by a court of a foreign jurisdiction and this seems to have been the primary thrust of *Braden.*[5]

We recognize that, contrary to our conclusion, *Lipscomb* would seemingly permit a prisoner to use a collateral attack on a conviction and sentence as a vehicle for a collateral attack on another state sentence or conviction, even though there had been no prior challenge of this underlying latter sentence or conviction and no exhaustion of state remedies with respect to it.[6] That ruling

3. These reasons would not apply with equal force to federal prosecutions, since, wherever the conviction, the United States would be the proper party to contest the attack on the prosecution and it would be a party to the proceedings.

4. In *Mitchell,* a petitioner sought *Tucker* relief in a 2255 proceeding, contending that his prior state convictions brought out at time of sentencing were uncounseled and invalid under *Gideon.* In holding that such prior convictions must be invalidated in the state courts where he had previously been sentenced and until he did he was premature in instituting his 2255 proceeding, the Court said (at 369 of 350 F.Supp.) :

> "The proper forum in which to seek determination of invalidity of a prior conviction on *Gideon* principles is the court in which such prior conviction was had—and no one of the three prior convictions here challenged arose in this court."

5. Wilcox v. Florida (Fla.Ct.App.1972) 267 So.2d 15, 16.

6. To the same effect are Slaton v. United States (D.C.Ill.1973) 356 F.Supp. 1172 and United States v. Wendt (D.C.Ga. 1972) 347 F.Supp. 647. The first relies primarily on United States v. Lufman (7th Cir. 1972) 457 F.2d 165 for its conclusion and for the reasons subsequently discussed it is believed that

this and other similar cases are manifestly inapposite. The second case, while reaching the same result as *Lipscomb,* expresses its dismay at the prospect of becoming "some sort of super court of review with nationwide jurisdiction to determine the validity of convictions, albeit without the power to grant relief other than re-sentencing." The very prospect it foresees, it would seem, should be sufficient reason for a different conclusion than that which the Court reached.

There is a note on the subject, Defendant's Right to Protection from Prior Uncounseled Convictions in 1973, Wash. U.L.Q. 197. In this note, three cases are cited to the effect that resentencing had been ordered for "prisoners who present satisfactory evidence of uncounseled convictions used to enhance punishment." Page 202, n. 25. The first case so cited is Davis v. Wainwright (5th Cir. 1972) 462 F.2d 1354, 1356. Here the defendant had already filed his state postconviction action and been denied relief. There had apparently been an exhaustion of state remedies and the conviction was ripe for federal review. The second case, Garrett v. Swenson (8th Cir. 1972) 459 F.2d 464, is substantially similar. Again, the defendant had filed post-conviction proceedings and those proceedings were pending. The Court suggested that, assuming a fair State hearing, the federal

is certainly contrary to the procedure followed in United States v. Wilkins, *supra*. In that case, the prisoner employed an attack on a New York conviction and sentence as a basis for attacking an underlying South Carolina conviction.[7] The Court, in considering jurisdiction to entertain such an indirect attack on the South Carolina conviction, predicated its finding of jurisdiction on the "uncontroverted" fact that there was no remedy in South Carolina for attacking the South Carolina conviction. Thus, the Court said (at 884, of 303 F.2d):

> " * * * The district court has found that there is not presently available to petitioner any means by which he may challenge in South Carolina a conviction there rendered. We accept this finding, here uncontroverted, based on research by the district judge and concession at the habeas corpus hearing by the Assistant Attorney General."

It would seem to follow from this statement of jurisdiction that, had a state remedy been available to the petitioner in the state courts of South Carolina to attack the underlying South Carolina conviction, resort to such remedy would have been a jurisdictional requirement for the maintenance of the *habeas* proceeding attacking the New York conviction and sentence. *Cf.*, Jacobs v. Texas, *supra*, 470 F.2d 1366; and Gutierrez v. Estelle (5th Cir., 1973) 474 F.2d 899.[8]

The procedure resorted to by the prisoner in *Lipscomb* is, also, contrary to that adopted by the prisoner in both Franchi v. United States (5th Cir. 1972) 464 F.2d 1035 and Wheeler v. United States (9th Cir. 1972) 468 F.2d 244. In the first of these cases the prior conviction cited at time of sentencing had been vacated before the 2255 proceedings were begun and in the latter the prisoner did not file his 2255 proceedings in reliance on *Tucker* until after both underlying state convictions had been reversed by the state supreme court. We find the procedure followed in *Franchi* and *Wheeler*, which contemplates the prior vacation of the state convictions as an essential predicate for a claim under *Tucker* in all cases where a prior state conviction is involved, to be the accepta-

court could determine the issue on the State record. Both of these cases seemingly involved state convictions occurring in the same jurisdiction as the District Court whose sentence was under consideration and which had the power to consider in federal *habeas* the validity of the state convictions after exhaustion of state remedies. *In both, it should be noted—and this is significant—there had been prior resort to state post-conviction remedies with reference to the underlying sentence before a petition under Tucker was filed.* The final case cited was United States ex rel. Miscanage v. Howard Co. Dist. Ct., Tex. (D.C.N.J. 1972) 339 F.Supp. 292, which was a recidivist case and presents unique features subsequently discusesd herein.

7. The Court, at the outset of its opinion, emphasized that the petitioner was challenging "not the New York conviction, but New York's utilization of a South Carolina conviction for highway robbery and larceny in imposing on him, pursuant to New York Penal Law, § 1941, an increased sentence as a second offender." (at 884 of 303 F.2d).

8. Of course, if it is made to appear, as in *Wilkins* that there is no remedy available in the state court where the petitioner was previously convicted in order to correct his conviction for constitutional error, then the federal court will inquire into the validity of the conviction. *Cf.*, United States v. Wilkins, *supra*, 303 F.2d 883; Weaver v. State of Texas (5th Cir. 1972) 453 F.2d 1226, cert. denied, 409 U.S. 853, 93 S.Ct. 187, 34 L.Ed.2d 97. This, however, would seem unlikely in most cases since it is now generally accepted that, as a result of Carafas v. LaVallee (1968) 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, a conviction, even though the sentence imposed has long since been completed, is still subject to *habeas* correction if it has any "collateral effect" on petitioner's rights. *See* Jackson v. State of Louisiana (5th Cir. 1971) 452 F.2d 451. Certainly, if the convictions enhanced punishment, they would have such collateral effect and would be within *habeas* jurisdiction.

ble procedure. To adopt the view of *Lipscomb* is to make a nullity of Section 2254(b).

There are many authorities involving recidivist or similar statutes in which the Court has considered and ruled on the constitutional validity of prior convictions of other courts. *See,* for instance, Williams v. Coiner (4th Cir. 1968) 392 F.2d 210, 212; Taylor v. United States (8th Cir. 1973) 472 F.2d 1178, 1180; and United States ex rel. Lasky v. LaVallee (2nd Cir. 1973) 472 F.2d 960. Actually, *Tucker* itself was such a case. These cases are not, however, in point here. In the recidivist cases, the prosecution must, in order to bring the case within the statute, prove other constitutionally valid convictions. The very right of the Government to convict the defendant under these statutes and to impose sentence thereunder is dependent on the ability of the state to prove that there were constitutionally valid prior convictions. In such a context, the defendant is manifestly entitled to be heard at the time in the trial court on the constitutional validity of those prior convictions and the trial court is obligated, as a condition to its exercise of power under the statute, to rule whether the defendant has been previously sentenced under a constitutionally valid conviction. United States ex rel. Lasky v. LaVallee, *supra,* at 962 of 472 F.2d; Oswald v. Crouse (10th Cir. 1969) 420 F.2d 373, 374–375; *cf.,* United States v. Bishop (1st Cir. 1972) 469 F.2d 1337, 1342–1344. The Court cannot, in this posture of the case, stay the prosecution until state remedies are exhausted; it must rule on the record of conviction as it is offered in evidence. By the same token, when that conviction is assailed later in post-conviction proceedings, it must be tested by the trial record itself; and, since at trial no exhaustion of state remedies is required, similarly the post-conviction remedy does not require exhaustion. Actually, in the *habeas* proceedings where the issue has generally arisen in this type of case, the proof of conviction as admitted at trial failed on its face to show that defendant had been represented by counsel. *See* United States ex rel. Lasky v. LaVallee, *supra,* 472 F.2d 960. "Presuming waiver of counsel from a silent record is impermissible." Burgett v. Texas (1967) 389 U.S. 109, 114–115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319. Accordingly, when the record of a prior conviction, as in these cases, is silent as to the presence of counsel, it is presumed that the Sixth Amendment rights of the defendant have been violated. Carnley v. Cochran (1962) 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70; Williams v. Coiner, *supra,* at 212 of 392 F.2d and the conviction under the recidivist statute is invalid unless the state can show affirmatively waiver of counsel on the part of the defendant in connection with the prior convictions. Oswald v. Crouse, supra, 420 F.2d 373; Losieau v. Sigler (8th Cir. 1969) 406 F.2d 795, 802–803, cert. denied, 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452. In reality, in this situation the court is not invalidating the earlier state conviction but is simply invalidating the recidivist conviction itself because the latter rests on evidence constitutionally invalid, *i. e.,* on a prior state conviction which on its face is void under *Gideon.*[9] *See* Craig v. Beto (5th Cir. 1972) 458 F.2d 1131, 1134.

A similar situation arises when one is tried as a second offender under Section 7237(c), 26 U.S.C., as in Martinez v. United States (10th Cir. 1972) 464 F.2d 1289, or as a proscribed purchaser of firearms by reason of earlier felony convictions under Section 1202(a), 18 U.S.C.App., as in United States v. Lufman (7th Cir. 1972) 457 F.2d 165; United States v. DuShane (2d Cir. 1970) 435 F.2d 187, 190 and Marcum v. United States (D.C.W.Va.1972) 350 F.Supp. 1115, 1118. Again, the existence of a valid prior conviction is an essential element in the crime and has to be proved by the prosecution just like any other

---

9. Gideon v. Wainwright (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

essential fact in the case.[10] But the situation is quite different in a case such as this, where the constitutional validity of the prior state convictions did not represent an essential element in the proof of petitioner's crime.

The petitioner in this case does not allege whether the three prior state convictions, which the petitioner admitted at the time of sentencing, have been properly invalidated in the courts where such state convictions originated. The petition, though, has been filed *pro se* and great liberality in pleading is allowed in such cases. It would be in order on remand for the petitioner to be specific on the status of his state convictions.

In view of what has been said, it is unnecessary to consider at this time the retroactive application of *Tucker*.

The action is remanded to the District Court, with directions for further proceedings not inconsistent herewith.

CRAVEN, Circuit Judge (concurring in part and dissenting in part):

I concur in that portion of the majority opinion which remands the case to the district court to determine if the sentence given the petitioner is an appropriate one without taking into account the challenged prior convictions which may have been constitutionally void. Such a conclusion is, of course, simply a finding of fact that the purported prior criminal record contributed nothing to the determination of the length of sentence. But if the challenged prior convictions did in fact affect the length of sentence, then I am unable to agree that the district court should dismiss the petition as premature unless the prior convictions have been invalidated in other collateral proceedings directly attacking the prior convictions.

I think United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), requires that if a habeas petitioner or a moving prisoner under § 2255 can establish that a prior conviction obtained in violation of *Gideon* was considered by the sentencing judge, he is entitled to be resentenced without regard to the prior conviction, or at the very least, to a finding of fact that the sentence was nevertheless appropriate, *i. e.,* not longer than it would have been had the sentencing judge been unaware of the prior invalid conviction. To determine in a habeas or § 2255 proceeding whether prior convictions were obtained in violation of *Gideon* conserves judicial resources. Only one court is required to determine appropriate relief. Under the majority approach, a habeas or § 2255 proceeding is required in the first instance to determine whether an appropriate sentence was given assuming all challenged prior convictions invalid. If the sentence would not have been appropriate, a new collateral proceeding must be commenced for each challenged conviction, e.g., in the present case three proceedings would be required. At the conclusion of the proceedings collateral to the pending collateral proceeding, the district court would then have to determine the appropriate relief. Moving a stack of petitions to some other court does not really advance the judicial process.

I do not think the policy of Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), requires such a bifurcation of the judicial process. Determining the presence of counsel is not a complex issue.

The majority opinion notes with approval the invalidation of recidivist convictions resting on evidence constitutionally invalid, *i. e.,* on a prior state conviction which is void under *Gideon,* even though the conviction has not been collaterally attacked. The present situation, where the sentence may have been enhanced because of the same constitutional infirmity, is distinguished on the ground the prior convictions did not rep-

---

10. In *DuShane, supra,* 435 F.2d at 190, the Court emphasized this point, stating:

"In this case, the validity of the Oklahoma conviction is a prerequisite to the federal conviction."

resent an essential element in the proof of petitioner's crime. It is a distinction but without a difference: enhanced punishment rests upon a prior criminal record rendered void by *Gideon*. As stated by the Court in *Tucker*:

> In *Burgett* we said that "[t]o permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt *or enhance punishment* for another offense . . . is to erode the principle of that case."

404 U.S. at 449, 92 S.Ct. at 593 (Emphasis added).

> The primary difference between the facts in *Tucker* and this case is that in *Tucker* the unconstitutionality of the prior convictions had been fully adjudicated in the state courts. Here there is only Lipscomb's allegation that the priors were obtained in violation of *Gideon*. The Solicitor General did not find this distinction sufficient to place this case outside the scope of *Tucker*. We agree.

Lipscomb v. Clark, 468 F.2d 1321, 1323 (5th Cir. 1972). *See also* Russo v. United States, 470 F.2d 1357 (5th Cir. 1972); Davis v. Wainwright, 462 F.2d 1354 (5th Cir. 1972); United States ex rel. Lasky v. LaVallee, 472 F.2d 960 (2d Cir. 1973).