UNITED STATES of America,
Appellee,

v.

Joseph JEFFERSON, Jr., Appellant.

No. 74–1469.

United States Court of Appeals,
Fourth Circuit.

Submitted Nov. 20, 1974.

Decided Jan. 20, 1975.

Andrew W. Wood, Richmond, Va., on brief, for appellant.

David H. Hopkins, U. S. Atty., and Charles L. Beard, Asst. U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WINTER, Circuit Judge.

PER CURIAM:

This appeal raises the question whether, after determining that its original sentence was invalid, the district court properly resentenced the appellant. Joseph Jefferson, Jr., was initially sentenced to two years imprisonment for illegal possession of a firearm after having been convicted of a felony, a violation of 18 U.S.C. App. § 1202(a). After his conviction was affirmed on appeal, Jefferson submitted a motion for correction of sentence pursuant to 28 U.S.C. § 2255. In the petition, he alleged that at least two of his three prior felony convictions considered by the sentencing judge were illegal. The district court, considering that the petition had merit under United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), scheduled the case for a hearing. The transcript of that hearing reflects that the district judge found that the invalid convictions "should not have been considered by the Court." The judge thereupon proceeded to resentence Jefferson, with the statement that "I am treating them [the challenged convictions] as being invalid for the purpose of sentencing." A new sentence of two years was imposed, with the qualification that parole eligibility was to be determined pursuant to 18 U.S.C. § 4208(a)(2).

Jefferson contends that the lower court erred by not reducing the length of his sentence. We disagree. We find nothing in Tucker or Brown v. United States, 4 Cir., 483 F.2d 116, which requires that a new sentence be more lenient than the sentence vacated. All that is mandated is that the sentence be re-evaluated without consideration given to the unconstitutionally obtained prior convictions. Here, the district court specifi-

cally disclaimed any reliance on Jefferson's previous convictions when it imposed the new sentence. We conclude, therefore, that *Tucker* and *Brown* were given proper effect.

Accordingly, the sentence imposed is upheld.